UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2006 DEC 14 PM 4:07

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| PRINCESS SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: |
| | ) | |
| MJM INVESTIGATIONS, INC., | ) | |
| | ) | **1:06-cv-1784-LJM-WTL** |
| Defendant. | ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

#### I. Nature of the Case.

1. Plaintiff, Princess Spencer ("Spencer"), by counsel, brings this action against Defendant, MJM Investigations, Inc. ("MJM" or "Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, as amended, alleging that Defendant unlawfully terminated her employment for demanding proper payment for overtime hours. Spencer also brings this action pursuant to the common law of the State of Indiana alleging that Defendant terminated her employment in retaliation for reporting potentially illegal payroll and wage violations, improper billing practices and for refusing to perform an activity that could have subjected her to personal liability. In support hereof, Spencer states as follows:

#### II. Parties.

2. Spencer, at all times relevant, resided within the geographical boundaries of the Southern District of Indiana.

3. MJM, is a North Carolina Corporation, registered in the State of Indiana as a foreign corporation and at all times relevant, conducted business and/or maintained offices within the geographical boundaries of the Southern District of Indiana.

### III. Jurisdiction and Venue.

4.  Jurisdiction over the subject matter of this action is conferred upon this Court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343(3) and (4); and 29 U.S.C. §216(b).

5.  Spencer's state law claims are so related to his federal law claim that it forms part of the same case and controversy under Article III of the United States Constitution and this Court may exercise jurisdiction over Spencer's state law claim pursuant to 28 U.S.C. §1367.

6.  MJM, at all times relevant, was an "employer" as that term is defined by 29 U.S.C. §203(d).

7.  Spencer, at all times relevant, was an "employee" as that term is defined by 29 U.S.C. §203(e).

8.  All events and transactions pertaining to this case having occurred within the geographical environs of the Southern District of Indiana, venue is proper with this Court pursuant to 28 U.S.C. §1391.

### IV. Factual Allegations.

9.  On or about September 20, 2004, Spencer accepted a position with MJM as an SIU Investigation.

10. Spencer's position as SIU Investigator was a non-exempt position for purposes of her eligibility for overtime compensation.

11. At all times, Spencer's work performance met MJM's legitimate expectations.

12. During her employment with MJM, Spencer became aware that MJM was committing potentially illegal payroll and wage violations in connection with her compensation as well as other employees. For example, despite Spencer working over sixty (60) hours per week, she was instructed by MJM to only record forty (40) hours, as well as being instructed to

not record the actual time spent working on a particular file.

13. Also during her employment, Spencer was witness to potentially illegal billing practices and fraudulent conduct by MJM. On several occasions, Spencer was directed by Larry Henning (position???) ("Henning"), to prepare fraudulent reports, which she refused to do. As a result of her refusal to commit the fraudulent conduct, Spencer was subjected to retaliatory action by MJM.

14. Spencer raised the issue of improper wages several times with MJM to no avail.

15. In or about November 2004, Spencer was contacted by Sparky Heevner ("Heevner"), Midwest Regional Field Manager regarding her knowledge of MJM committing potentially illegal payroll and wage violations relating to Spencer's compensation as well as the compensation of other employees. During the conversation, Heevner directed Spencer to not record any hours over forty (40) and that if she failed to do so that her employment would be terminated.

16. Shortly thereafter, despite Spencer being the second highest producing investigator, Heevner contacted Spencer again and threatened to terminate her employment.

17. On or about January 6, 2005, Spencer was summoned to a meeting with Henning, Brent Faggert ("Faggert"), MJM Senior Vice President and John Erickson ("Erickson") regarding her concerns relating to potentially illegal payroll and wage violations, and MJM's fraudulent conduct. During the meeting, Spencer requested a meeting with Michael Malone ("Malone"), MJM President.

18. On or about January 7, 2005, Spencer received a telephone call from Malone in which she informed him of her concerns relating to potentially illegal payroll and wage

3

violations, and MJM's fraudulent conduct. In response, Malone stated "if you're not on board...you can find a new job" or words to that affect.

19. On or about January 12, 2005, Spencer received a letter from Faggert advising that MJM was terminating her employment for the stated reason of failure to follow MJM policies and procedures.

20. MJM has a pattern and practice of taking similar retaliatory action against employees who have complained of MJM's unlawful conduct.

21. MJM's stated reason for the termination of Spencer's employment is pretext for unlawful retaliation in violation of State and Federal law.

22. As a result of MJM's termination of Spencer's employment, she has and continues to suffer pecuniary and non-pecuniary harm.

## V. Legal Allegations.

### COUNT I: Violations of the FLSA

23. Spencer hereby incorporates by reference Paragraphs one (1) through twenty-two (22) of her Complaint, as if the same were set forth at length herein.

24. MJM terminated Spencer's employment based on her demand for proper payment for overtime hours in violation of the FLSA, 29 U.S.C. §215.

25. MJM acted intentionally, with malice and/or with reckless indifference for Spencer's statutorily protected rights.

26. As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

### COUNT II: Violations of Indiana Common Law

27. Spencer hereby incorporates by reference Paragraphs one (1) through twenty-six (26) of her Complaint, as if the same were set forth at length herein.

28. Spencer became aware that MJM was committing potentially illegal payroll and wage violations in connection with her compensation as well as other employees and that MJM was engaging in improper billing practices and other fraudulent conduct.

29. Spencer complained to MJM about the potentially illegal payroll and wage violations in connection with her compensation as well as other employees and that MJM was engaging in improper billing practices and other fraudulent conduct.

30. As a result of her conduct, MJM terminated Spencer's employment in retaliation for reporting potentially illegal payroll and wage violations, improper billing practices and for refusing to perform an activity that could have subjected her to personal liability,

31. MJM acted in maliciously and/or with reckless disregard for Koon's legally protected rights

32. As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

## VI. <u>Requested Relief.</u>

**WHEREFORE**, Plaintiff, Princess Spencer, by counsel, respectfully requests this Court to enter judgment in her favor and to order the following relief:

a. Payment of all wages, benefits, compensation and all monetary loss suffered as a result of MJM's unlawful actions, in an amount that will make her whole;

b. Payment of liquidated damages for MJM's violations of the FLSA;

c. Payment of compensatory and punitive damages;

d. Payment of pre-and post-judgment interest, as appropriate, on all sums recoverable;

e. Payment of all reasonable attorney fees and costs incurred as a result of litigating this action; and

f. All other just and equitable relief deemed appropriate under the circumstances.

5

Respectfully submitted,

By: _____
William N. Ivers (#11592-20)

By: _____
Jeffrey B. Halbert (#22727-49)

*Counsel for Plaintiff,*
*Princess Spencer*

**STEWART & IRWIN, P.C.**
251 East Ohio Street
Suite 1100
Indianapolis, Indiana 46204
Telephone:   (317) 639-5454
Facsimile:    (317) 632-1319
E-mail:        wivers@silegal.com
                  jhalbert@silegal.com

## DEMAND FOR TRIAL BY JURY

Plaintiff, Princess Spencer, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: _____
William N. Ivers (#11592-20)
Jeffrey B. Halbert (#22727-49)

*Counsel for Plaintiff,*
*Princess Spencer*

si114619_1