**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **PRINCESS SPENCER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 1:06cv1784 LJM/WTL** |
| | ) | |
| **MJM INVESTIGATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

### I. Nature of the Case.

1.      Plaintiff, Princess Spencer ("Spencer"), by counsel, brings this action against Defendant, MJM Investigations, Inc. ("MJM" or "Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., as amended, alleging that Defendant unlawfully terminated her employment for demanding proper payment for overtime hours. Spencer also brings this action pursuant to the common law of the State of Indiana alleging that Defendant terminated her employment in retaliation for reporting potentially illegal payroll and wage violations, improper billing practices and for refusing to perform an activity that could have subjected her to personal liability.  In addition, Spencer brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*., as amended, alleging that she was subjected to unlawful discrimination on the basis of gender.   In support hereof, Spencer states as follows:

### II. Parties.

2.      Spencer, at all times relevant, resided within the geographical boundaries of the

**"EXHIBIT A"**

Southern District of Indiana.

3.     MJM, is a North Carolina Corporation, registered in the State of Indiana as a foreign corporation and at all times relevant, conducted business and/or maintained offices within the geographical boundaries of the Southern District of Indiana.

### III.  Jurisdiction and Venue.

4.     Jurisdiction over the subject matter of this action is conferred upon this Court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343(3) and (4); 29 U.S.C. §216(b); and 42 U.S.C. §2000e-5(f)(3).

5.     Spencer's state law claims are so related to his federal law claim that it forms part of the same case and controversy under Article III of the United States Constitution and this Court may exercise jurisdiction over Spencer's state law claim pursuant to 28 U.S.C. §1367.

6.     MJM, at all times relevant, was an "employer" as that term is defined by 29 U.S.C. §203(d) and 42 U.S.C. §2000e(b).

7.     Spencer, at all times relevant, was an "employee" as that term is defined by 29 U.S.C. §203(e) and 42 U.S.C. §2000e(f).

8.     Spencer satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination (Charge No: :  24F-2005-00289) with the United States Equal Employment Opportunity Commission on April 25, 2005 alleging discrimination in violation of Title VII.  Spencer having received the appropriate *Dismissal and Notice of Rights*, dated January 9, 2007, files this original action within ninety (90) days of her receipt thereof.

9.     All events and transactions pertaining to this case having occurred within the geographical environs of the Southern District of Indiana, venue is proper with this Court pursuant to 28 U.S.C. §1391.

# IV. Factual Allegations.

10.     On or about September 20, 2004, Spencer accepted a position with MJM as an SIU Investigation.

11.     Spencer's position as SIU Investigator was a non-exempt position for purposes of her eligibility for overtime compensation.

12.     At all times, Spencer's work performance met MJM's legitimate expectations.

13.     During her employment with MJM, Spencer became aware that MJM was committing potentially illegal payroll and wage violations in connection with her compensation as well as other employees.  For example, despite Spencer working over sixty (60) hours per week, she was instructed by MJM to only record forty (40) hours, as well as being instructed to not record the actual time spent working on a particular file.

14.     Also during her employment, Spencer was witness to potentially illegal billing practices and fraudulent conduct by MJM.  On several occasions, Spencer was directed by Larry Henning ("Henning"), to prepare fraudulent reports, which she refused to do.  As a result of her refusal to commit the fraudulent conduct, Spencer was subjected to retaliatory action by MJM.

15.     Spencer raised the issue of improper wages several times with MJM to no avail.

16.     In or about November 2004, Spencer was contacted by Sparky Heevner ("Heevner"), Midwest Regional Field Manager regarding her knowledge of MJM committing potentially illegal payroll and wage violations relating to Spencer's compensation as well as the compensation of other employees.  During the conversation, Heevner directed Spencer to not record any hours over forty (40) and that if she failed to do so that her employment would be terminated.

17.     Shortly thereafter, despite Spencer being the second highest producing investigator, Heevner contacted Spencer again and threatened to terminate her employment.

18.     On or about January 6, 2005, Spencer was summoned to a meeting with Henning, Brent Faggert ("Faggert"), MJM Senior Vice President and John Erickson ("Erickson") regarding her concerns relating to potentially illegal payroll and wage violations, and MJM's fraudulent conduct. During the meeting, Spencer requested a meeting with Michael Malone ("Malone"), MJM President.

19.     On or about January 7, 2005, Spencer received a telephone call from Malone in which she informed him of her concerns relating to potentially illegal payroll and wage violations, and MJM's fraudulent conduct. In response, Malone stated "if you're not on board...you can find a new job" or words to that affect.

20.     On or about January 12, 2005, Spencer received a letter from Faggert advising that MJM was terminating her employment for the stated reason of failure to follow MJM policies and procedures.

21.     MJM has a pattern and practice of taking similar retaliatory action against employees who have complained of MJM's unlawful conduct.

22.     MJM's stated reason for the termination of Spencer's employment is pretext for unlawful retaliation in violation of State and Federal law.

23.     During the relevant period of her employment with MJM, Spencer was also subjected to differing terms and conditions of employment as those afforded to similarly situated male co-workers on the basis of gender. Such conduct included, but was not limited to, criticism

of her job performance without cause despite being the second highest producer and denials of requested transfers.

24. Similarly-situated male co-workers have not been subjected to similar treatment under similar circumstances.

25. MJM's proffered reasons for its conduct are a pretext for unlawful gender discrimination in violation of Title VII.

26. MJM's conduct was intentional and in reckless disregard for Spencer's statutory rights as provided by Title VII.

27. As a result of MJM's discriminatory conduct and termination of Spencer's employment, she has and continues to suffer pecuniary and non-pecuniary harm.

## V.  Legal Allegations.

### COUNT I:  Violations of the FLSA

28. Spencer hereby incorporates by reference Paragraphs one (1) through twenty-seven (27) of her Complaint, as if the same were set forth at length herein.

29. MJM terminated Spencer's employment based on her demand for proper payment for overtime hours in violation of the FLSA, 29 U.S.C. §215.

30. MJM acted intentionally, with malice and/or with reckless indifference for Spencer's statutorily protected rights.

31. As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

### COUNT II:  Violations of Indiana Common Law

32. Spencer hereby incorporates by reference Paragraphs one (1) through thirty-one (31) of her Complaint, as if the same were set forth at length herein.

33. Spencer became aware that MJM was committing potentially illegal payroll and

wage violations in connection with her compensation as well as other employees and that MJM was engaging in improper billing practices and other fraudulent conduct.

34.     Spencer complained to MJM about the potentially illegal payroll and wage violations in connection with her compensation as well as other employees and that MJM was engaging in improper billing practices and other fraudulent conduct.

35.      As a result of her conduct, MJM terminated Spencer's employment in retaliation for reporting potentially illegal payroll and wage violations, improper billing practices and for refusing to perform an activity that could have subjected her to personal liability,

36.     MJM acted in maliciously and/or with reckless disregard for Spencer's legally protected rights

37.     As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

### COUNT III:  Violations of Title VII (Gender Discrimination)

38.     Spencer hereby incorporates by reference Paragraphs one (1) through thirty-seven (37) of her Complaint, as if the same were set forth at length herein.

39.     MJM subjected Spencer to unlawful discrimination on the basis of gender in violation of Title VII.

40.     MJM acted intentionally, with malice and/or with reckless indifference for Spencer's statutorily protected rights.

41.     As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

### VI.  Requested Relief.

**WHEREFORE**, Plaintiff, Princess Spencer, by counsel, respectfully requests this Court to enter judgment in her favor and to order the following relief:

a.     Payment of all wages, benefits, compensation and all monetary loss suffered as a result of MJM's unlawful actions, in an amount that will make her whole;

b.  Payment of liquidated damages for MJM's violations of the FLSA;

c.  Payment of compensatory and punitive damages;

d.  Payment of pre-and post-judgment interest, as appropriate, on all sums recoverable;

e.  Payment of all reasonable attorney fees and costs incurred as a result of litigating this action; and

f.  All other just and equitable relief deemed appropriate under the circumstances.

Respectfully submitted,

By:/s/ Jeffrey B. Halbert
Jeffrey B. Halbert (#22727-49)

*Counsel for Plaintiff,*
*Princess Spencer*

**STEWART & IRWIN, P.C.**
251 East Ohio Street
Suite 1100
Indianapolis, Indiana 46204
Telephone:   (317) 639-5454
Facsimile:   (317) 632-1319
E-mail:   jhalbert@silegal.com

## DEMAND FOR TRIAL BY JURY

Plaintiff, Princess Spencer, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By:/s/ Jeffrey B. Halbert
Jeffrey B. Halbert (#22727-49)

*Counsel for Plaintiff,*
*Princess Spencer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed electronically this 23rd day of March, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Craig M. Borowski                    craig.borowski@bakerd.com

Brian R. Garrison                    brian.garrison@bakerd.com

/s/ Jeffrey B. Halbert
Jeffrey B. Halbert

si128201_1