UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PRINCESS SPENCER, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:06-CV-1784-LJM-WTL |
| MJM INVESTIGATIONS, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Defendant, MJM Investigations, Inc. ("Defendant" or "MJM"), by counsel, answers Plaintiff's Amended Complaint and Demand for Trial by Jury ("Amended Complaint"), in accordance with its numbered paragraphs, as follows:

**FIRST DEFENSE: ADMISSIONS AND DENIALS**

**I. Nature of Case**

**AMENDED COMPLAINT PARAGRAPH 1:** Plaintiff, Princess Spencer ("Spencer"), by counsel, brings this action against Defendant, MJM Investigations, Inc. ("MJM" or "Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* as amended, alleging that Defendant unlawfully terminated her employment for demanding proper payment for overtime hours. Spencer also brings this action pursuant to the common law of the State of Indiana alleging that Defendant terminated her employment in retaliation for reporting potentially illegal payroll and wage violations, improper billing practices and for refusing to perform an activity that could have subjected her to personal liability. In addition, Spencer brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*., as amended, alleging that she was subjected to unlawful discrimination on the basis of gender. In support hereof, Spencer states as follows:

**ANSWER:** MJM admits Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Indiana common law and alleges claims of unlawful discrimination and retaliation. MJM denies it

violated the FLSA, Title VII, Indiana common law, or any other law with respect to Plaintiff's employment and denies the remaining averments of Paragraph 1 of the Amended Complaint.

## II.  The Parties

**AMENDED COMPLAINT PARAGRAPH 2:** Spencer, at all times relevant, resided within the geographical boundaries of the Southern District of Indiana.

**ANSWER:** MJM is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 3:** MJM, is a North Carolina Corporation, registered in the State of Indiana as a foreign corporation and at all times relevant, conducted business and/or maintained offices within the geographical boundaries of the Southern District of Indiana.

**ANSWER:** MJM admits it was organized under the laws of North Carolina, admits it is registered in the State of Indiana as a foreign corporation, and denies the remaining averments of Paragraph 3 of the Amended Complaint.

## III.  Jurisdiction and Venue

**AMENDED COMPLAINT PARAGRAPH 4:** Jurisdiction over the subject matter of this action is conferred upon this Court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343(3) and (4); and 29 U.S.C. §216(b); and 42 U.S.C. §2000e-5(f)(3).

**ANSWER:** MJM admits this Court has jurisdiction over this action and denies the remaining averments of Paragraph 4 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 5:** Spencer's state law claims are so related to his [sic] federal law claim that it forms part of the same case and controversy under Article III of the United States Constitution and this Court may exercise jurisdiction over Spencer's state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:** MJM admits this Court has jurisdiction over Plaintiff's state law claims and denies the remaining averments of Paragraph 5 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 6:** MJM, at all times relevant, was an "employer" as that term is defined by 29 U.S.C. §203(d) and 42 U.S.C. §2000e(b).

**ANSWER:** MJM admits it employed Plaintiff and denies the remaining averments of Paragraph 6 of the Amended Complaint.

**COMPLAINT PARAGRAPH 7:** Spencer, at all times relevant, was an "employee" as that term is defined by 29 U.S.C. §203(e) and 42 U.S.C. §2000e(f).

**ANSWER:** MJM admits it employed Plaintiff and denies the remaining averments of Paragraph 7 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 8:** Spencer satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination (Charge No: : 24F-2005-00289) with the United States Equal Employment Opportunity Commission on April 25, 2005 alleging discrimination in violation of Title VII. Spencer having received the appropriate *Dismissal and Notice of Rights*, dated January 9, 2007, files this original action within ninety (90) days of her receipt thereof.

**ANSWER:** MJM admits Plaintiff filed an administrative charge dually filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 24F-2005-00289, admits the EEOC issued a Notice of Right to Sue dated on or about January 9, 2007, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 8 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 9:** All events and transactions pertaining to this case having occurred within the geographical environs of the Southern District of Indiana, venue is proper with this Court pursuant to 28 U.S.C. §1391.

**ANSWER:** MJM admits this Court is a proper venue for this action, denies that it committed any unlawful act with regard to Plaintiff or her employment within the geographical environs of the Southern District of Indiana or elsewhere, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 9 of the Amended Complaint.

## IV. Factual Allegations

**AMENDED COMPLAINT PARAGRAPH 10:** On or about September 20, 2004, Spencer accepted a position with MJM as an SIU Investigation [sic].

**ANSWER:** MJM admits it hired Plaintiff as an SIU Investigator on or about September 20, 2004.

**AMENDED COMPLAINT PARAGRAPH 11:** Spencer's position as SIU Investigator was a non-exempt position for purposes of her eligibility for overtime compensation.

**ANSWER:** MJM denies the averments of Paragraph 11 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 12:** At all times, Spencer's work performance met MJM's legitimate expectations.

**ANSWER:** MJM denies the averments of Paragraph 12 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 13:** During her employment with MJM, Spencer became aware that MJM was committing potentially illegal payroll and wage violations in connection with her compensation as well as other employees. For example, despite Spencer working over sixty (60) hours per week, she was instructed by MJM to only record forty (40) hours, as well as being instructed to not record the actual time spent working on a particular file.

**ANSWER:** MJM denies the averments of Paragraph 13 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 14:** Also during her employment, Spencer was witness to potentially illegal billing practices and fraudulent conduct by MJM. On several occasions, Spencer was directed by Larry Henning ("Henning"), to prepare fraudulent reports, which she refused to do. As a result of her refusal to commit the fraudulent conduct, Spencer was subjected to retaliatory action by MJM.

**ANSWER:** MJM denies the averments of Paragraph 14 of the Amended Complaint.

-4-
BDDB01 4718992v1

**AMENDED COMPLAINT PARAGRAPH 15:** Spencer raised the issue of improper wages several times with MJM to no avail.

**ANSWER:** MJM denies the averments of Paragraph 15 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 16:** In or about November 2004, Spencer was contacted by Sparky Heevner ("Heevner"), Midwest Regional Field Manager regarding her knowledge of MJM committing potentially illegal payroll and wage violations relating to Spencer's compensation as well as the compensation of other employees. During the conversation, Heevner directed Spencer to not record any hours over forty (40) and that if she failed to do so that her employment would be terminated.

**ANSWER:** MJM denies the averments of Paragraph 16 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 17:** Shortly thereafter, despite Spencer being the second highest producing investigator, Heevner contacted Spencer again and threatened to terminate her employment.

**ANSWER:** MJM denies the averments of Paragraph 17 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 18:** On or about January 6, 2005, Spencer was summoned to a meeting with Henning, Brent Faggert ("Faggert") [sic], MJM Senior Vice President [sic] and John Erickson ("Erickson") regarding her concerns relating to potentially illegal payroll and wage violations, and MJM's fraudulent conduct. During the meeting, Spencer requested a meeting with Michael Malone ("Malone"), MJM President.

**ANSWER:** MJM denies the averments of Paragraph 18 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 19:** On or about January 7, 2005, Spencer received a telephone call from Malone in which she informed him of her concerns relating to potentially illegal payroll and wage violations, and MJM's fraudulent conduct. In response, Malone stated "if you're not on board...you can find a new job" or words to that affect.

**ANSWER:** MJM denies the averments of Paragraph 19 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 20:** On or about January 12, 2005, Spencer received a letter from Faggert [sic] advising that MJM was terminating her employment for the stated reason of failure to follow MJM policies and procedures.

**ANSWER:** MJM is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 21:** MJM has a pattern and practice of taking similar retaliatory action against employees who have complained of MJM's unlawful conduct.

**ANSWER:** MJM denies the averments of Paragraph 21 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 22:** MJM's stated reason for the termination of Spencer's employment is pretext for unlawful retaliation in violation of State and Federal law.

**ANSWER:** MJM denies the averments of Paragraph 22 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 23:** During the relevant period of her employment with MJM, Spencer was also subjected to differing terms and conditions of employment as those afforded to similarly situated male co-workers on the basis of gender. Such conduct included, but was not limited to, criticism of her job performance with cause despite being the second highest producer and denials of requested job transfers.

**ANSWER:** MJM denies the averments of Paragraph 23 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 24:** Similarly-situated male co-workers have not been subjected to similar treatment under similar circumstances.

**ANSWER:** MJM denies the averments of Paragraph 24 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 25:** MJM's proffered reasons for its conduct are a pretext for unlawful gender discrimination in violation of Title VII.

**ANSWER:** MJM denies the averments of Paragraph 25 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 26:** MJM's conduct was intentional and in reckless disregard for Spencer's statutory rights as provided by Title VII.

**ANSWER:** MJM denies the averments of Paragraph 26 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 27:** As a result of MJM's discriminatory conduct and termination of Spencer's employment, she has and continues to suffer pecuniary and non-pecuniary harm.

**ANSWER:** MJM denies the averments of Paragraph 27 of the Amended Complaint.

### V. Legal Allegations

### Count I: Violations of the FLSA

**AMENDED COMPLAINT PARAGRAPH 28:** Spencer hereby incorporates by reference Paragraphs one (1) through twenty-seven (27) of her Complaint, as if the same were set forth at length herein.

**ANSWER:** MJM incorporates by reference its responses to the averments of Paragraphs 1 through 27 of the Amended Complaint as if the same were set forth at length herein.

**AMENDED COMPLAINT PARAGRAPH 29:** MJM terminated Spencer's employment based on her demand for proper payment for overtime hours in violation of the FLSA, 29 U.S.C. §215.

**ANSWER:** MJM denies the averments of Paragraph 29 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 30:** MJM acted intentionally, with malice and/or with reckless indifference for Spencer's statutorily protected rights.

**ANSWER:** MJM denies the averments of Paragraph 30 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 31:** As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

**ANSWER:** MJM denies the averments of Paragraph 31 of the Amended Complaint.

### Count II: Violations of Indiana Common Law

**AMENDED COMPLAINT PARAGRAPH 32:** Spencer hereby incorporates by reference Paragraphs one (1) through thirty-one (31) of her Complaint, as if the same were set forth at length herein.

**ANSWER:** MJM incorporates by reference its responses to the averments of Paragraphs 1 through 31 of the Amended Complaint as if the same were set forth at length herein.

**AMENDED COMPLAINT PARAGRAPH 33:** Spencer became aware that MJM was committing potentially illegal payroll and wage violations in connection with her compensation as well as other employees and that MJM was engaging in improper billing practices and other fraudulent conduct.

**ANSWER:** MJM denies the averments of Paragraph 33 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 34:** Spencer complained to MJM about the potentially illegal payroll and wage violations in connection with her compensation as well as other employees and that MJM was engaging in improper billing practices and other fraudulent conduct.

**ANSWER:** MJM denies the averments of Paragraph 34 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 35:** As a result of her conduct, MJM terminated Spencer's employment in retaliation for reporting potentially illegal payroll and wage violations, improper billing practices and for refusing to perform an activity that could have subjected her to personal liability.

**ANSWER:** MJM denies the averments of Paragraph 35 of the Amended Complaint.

**AMENDED COMPLAINT PARAGRAPH 36:** MJM acted in maliciously and/or with reckless disregard for Spencer's legally protected rights.

**ANSWER:** MJM denies the averments of Paragraph 36 of the Amended Complaint.

        **AMENDED COMPLAINT PARAGRAPH 37:**    As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

        **ANSWER:**    MJM denies the averments of Paragraph 37 of the Amended Complaint.

### Count III: Violations of Title VII (Gender Discrimination)

        **AMENDED COMPLAINT PARAGRAPH 38:**    Spencer hereby incorporates by reference Paragraphs one (1) through thirty-seven (37) of her Complaint, as if the same were set forth at length herein.

        **ANSWER:**    MJM incorporates by reference its responses to the averments of Paragraphs 1 through 37 of the Amended Complaint as if the same were set forth at length herein.

        **AMENDED COMPLAINT PARAGRAPH 39:**    MJM subjected Spencer to unlawful discrimination on the basis of gender in violation of Title VII.

        **ANSWER:**    MJM denies the averments of Paragraph 39 of the Amended Complaint.

        **AMENDED COMPLAINT PARAGRAPH 40:**    MJM acted intentionally, with malice and/or with reckless indifference for Spencer's statutorily protected rights.

        **ANSWER:**    MJM denies the averments of Paragraph 40 of the Amended Complaint.

        **AMENDED COMPLAINT PARAGRAPH 41:**    As a result of MJM's unlawful actions, Spencer has and continues to suffer harm.

        **ANSWER:**    MJM denies the averments of Paragraph 41 of the Amended Complaint, denies each and every averment not explicitly admitted in this Answer, and denies Plaintiff is entitled to the Relief requested in Section VI of the Amended Complaint or otherwise in this action.

### AFFIRMATIVE AND OTHER DEFENSES

1. MJM acted in good faith at all times, and all decisions or actions regarding Plaintiff's employment were legitimate, non-discriminatory, non-retaliatory, and lawful.

2. Some or all of Plaintiff's claims may be barred by the statute of limitations.

3. One or more of Plaintiff's claims fails to state a claim upon which relief may be granted.

4. Plaintiff cannot establish any discriminatory or retaliatory conduct by MJM and, even if a jury were to find to the contrary, MJM would have made the same decisions and taken the same actions regardless of Plaintiff's allegedly protected status or activity.

5. Plaintiff was exempt from overtime under the FLSA.

6. MJM did not deprive, willfully or otherwise, Plaintiff of any wages, salary or compensation to which she was entitled under the FLSA.

7. To the extent Plaintiff could establish a violation of the FLSA, which MJM denies, MJM has no liability for liquidated damages because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith and MJM had good reason for believing that its acts or omissions did not violate the FLSA.

8. Some or all of Plaintiff's Title VII claims may be barred by her failure to pursue and/or exhaust administrative remedies.

9. To the extent any of Plaintiff's Title VII claims are outside of the scope of her administrative charge, they are barred.

10. To the extent Plaintiff's Title VII claims were not brought within 90 days of her receipt of the EEOC's Dismissal and Notice of Rights, they are barred.

11. To the extent Plaintiff's Title VII claims are based on events that occurred more than 300 days before she filed her administrative charge, they are barred.

12. To the extent Plaintiff could recover damages, which MJM denies, Plaintiff's claims would then be subject to setoffs and deductions as allowed by the FLSA or otherwise.

13. To the extent Plaintiff could establish liability and damages, which MJM denies, MJM has no liability for damages caused by Plaintiff's failure to mitigate.

14. To the extent Plaintiff could establish liability and damages, which MJM denies, Plaintiff's damages may be offset by subsequent income she received.

15. To the extent Plaintiff could establish liability and damages, which MJM denies, Plaintiff's damages may be limited by the after-acquired evidence doctrine.

16. MJM may not be liable for punitive damages to the extent any managerial agents made employment decisions that were contrary to MJM's good faith efforts to comply with the law.

WHEREFORE, MJM respectfully requests that Plaintiff take nothing by her Amended Complaint or any count thereof and that MJM be awarded costs in this action and have all other just and proper relief.

Respectfully Submitted,

BAKER & DANIELS LLP

/s/ Brian R. Garrison
Craig M. Borowski, #22280-49
Brian R. Garrison, #26367-49

300 North Meridian Street
Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: craig.borowski@bakerd.com
     brian.garrison@bakerd.com   Attorneys for MJM Investigations, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on April 6, 2007, the foregoing document was filed electronically. Parties may access this and other filings through the Court's CM/ECF system, which will send notice of this filing to the following:

> William N. Ivers, Esq.
> Jeffrey B. Halbert, Esq.
> Stewart & Irwin, P.C.
> 251 East Ohio Street, Suite 1100
> Indianapolis, IN  46204

> /s/ Brian R. Garrison